Citation Nr: 1703146 
Decision Date: 02/02/17 Archive Date: 02/15/17

DOCKET NO. 11-16 330 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

1. Entitlement to service connection for a chronic disability to account for weak spells. 

2. Entitlement to service connection for a chronic disability to account for head and hand tremors, to include Parkinson's disease. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

S. D. Regan, Counsel


INTRODUCTION

The Veteran served on active duty in the Army from August 1970 to March 1972, including in the Republic of Vietnam from January 1971 to December 1971. He also received various decorations evidencing combat including the Combat Infantryman Badge. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of an April 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina, that denied service connection for a chronic disability to account for weak spells and for a chronic disability to account for head and hand tremors, to include Parkinson's disease (listed as head and hand tremors, claimed as shaking). 

In December 2015, the Veteran appeared at a Board videoconference hearing before the undersigned Veterans Law Judge. 

In January 2016, the Board remanded the issues of entitlement to service connection for a chronic disability to account for weak spells and entitlement to service connection for a chronic disability to account for head and hand tremors, to include Parkinson's disease, for further development. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

This case was previously remanded by the Board in January 2016, partly to schedule the Veteran for a VA examination to address his claims for service connection for a chronic disability to account for weak spells and a chronic disability to account for head and hand tremors, to include Parkinson's disease. The examiner was to state whether the Veteran had a chronic disability to account for weak spells. If the Veteran was found to have a chronic disability that was manifested by weak spells, the examiner was to provide opinion as to whether it was at least as likely as not that the identified chronic disability was caused or aggravated by the Veteran's period of service, to include his exposure to Agent Orange and a reported in-service head injury. Additionally, the examiner was to provide an opinion as to whether it was at least as likely as not that the identified chronic disability was caused or aggravated by the Veteran's service-connected diabetes mellitus. 

In the January 2016 remand, the Board also indicated that the examiner was to state whether the Veteran had Parkinson's disease, or another chronic disability to account for his head and hand tremors. If the Veteran did not have Parkinson's disease, but did have another chronic disability that was manifested by head and hand tremors, the examiner was to provide an opinion as to whether it was at least as likely as not that the identified chronic disability was caused or aggravated by his period of service, to include his exposure to Agent Orange and a reported in-service head injury. 

The Board further directed, as to another issue which was not appeal, that the examiner, pursuant to a VA diabetes mellitus examination, should note specifically whether the Veteran's current residuals of diabetes mellitus included weakness and tremors. 

Pursuant to the January 2016 Board remand, the Board was afforded a VA diabetes mellitus examination in February 2016. The examiner reported that the Veteran was diagnosed with diabetes mellitus. The examiner also indicated that the Veteran had diabetic peripheral neuropathy as a recognized complication of his service-connected diabetes mellitus. The examiner noted that the Veteran did not have any other pertinent physical findings, complications, conditions, or signs and symptoms related to his diabetes mellitus. The examiner further indicated that it was not at least as likely as not (at least a 50 percent probability) that the Veteran's service-connected diabetes mellitus permanently aggravated (meaning that any worsening of the condition was not due to natural progress) any conditions. 

The Board observes that the examiner indicated that the Veteran only had diabetic peripheral neuropathy as a complication of his diabetes mellitus, and that his diabetes mellitus did not permanently aggravate any conditions. The Board notes that the examiner did not provide any rationale for his above conclusions. 

The Veteran was also afforded a VA diabetes mellitus examination, by a different examiner, in June 2016. The examiner stated that the Veteran was diagnosed with diabetes mellitus. The examiner also indicated that the Veteran had diabetic peripheral neuropathy as a recognized complication of his service-connected diabetes mellitus. The examiner further indicated that the Veteran did not have any conditions that were at least as likely as not (at least a 50 percent probability) due to his service-connected diabetes mellitus. The examiner indicated that it was not at least as likely as not (at least a 50 percent probability) that the Veteran's service-connected diabetes mellitus permanently aggravated (meaning that any worsening of the condition was not due to natural progress) any conditions. The examiner also found that the Veteran did not have any other pertinent physical findings, complications, conditions, or signs and symptoms related to his diabetes mellitus. 

The Board notes that the examiner did not provide a rationale for any of his conclusions. 

The Board observes that in a July 2016 supplemental statement of the case, the RO indicated that a failure to report notification was received from the VA Medical Center in Columbus, South Carolina, in June 2016 and that it was noted that the Veteran cancelled his appointments for a central nervous system examination on two occasions. The RO reported that information needed from the examination was inextricably intertwined with the Veteran's claims for entitlement to service connection for a chronic disability to account for weak spells and a chronic disability to account for head and hand tremors, to include Parkinson's disease. 

The Board notes that there is June 2016 notation in the record that the Veteran failed to report for a central nervous system examination, which was requested in May 2016, and that he canceled his appointment twice on the same day. 

The Board observes that in an October 2016 informal hearing presentation, the Veteran's representative asserted that the RO failed to comply with the Board's January 2016 remand directives. It was noted that the Board ordered that the Veteran be provided with an examination to determine the nature and etiology of a chronic disability to account for weak spells and of a chronic disability to account for head and hand tremors, to include Parkinson's disease. 

The Veteran's representative also stated that while the RO asserted that the Veteran failed to report for a June 2016 examination, there was no evidence that he received notice in writing or via telephone of the additional examination. The representative maintained that the Veteran had reported to numerous examinations in regard to his service-connected diabetes mellitus and peripheral neuropathy and that it would appear that he had no difficulty reporting for examinations. The representative stated that the Veteran continued to be willing and able to report for any necessary examination in regard to his claims for entitlement to service connection for a chronic disability to account for weak spells and for a chronic disability to account for head and hand tremors, to include Parkinson's disease. 

The Board notes that the actual notice of the VA central nervous system examination, apparently scheduled in June 2016, is not of record. Additionally, the Veteran's representative has specifically stated that the Veteran was willing and able to report for any necessary examination in regard to his claims for entitlement to service connection for a chronic disability to account for weak spells and for a chronic disability to account for head and hand tremors, to include Parkinson's disease. The Board further notes that since the January 2016 Board remand, the Veteran has been service-connected for additional disorders, to include peripheral neuropathy of the right upper extremity, left upper extremity, right lower extremity, and left lower extremity. 

Therefore, the Board finds that another attempt should be made to schedule a VA examination, with the opportunity to obtain responsive etiological opinions, following a thorough review of the entire claims file, as to the Veteran's claims for entitlement to service connection for a chronic disability to account for weak spells and for a chronic disability to account for head and hand tremors, to include Parkinson's disease. See also Stegall v. West, 11 Vet. App. 268, 271 (1998). 

The Board emphasizes that it is important that the Veteran report for his scheduled VA examination. His failure to attend any scheduled VA examination without showing good cause may adversely affect his claim. 38 C.F.R. § 3.655 (2016). Examples of good cause include, but are not limited to, the illness or hospitalization of a claimant and death of an immediate family member. 38 C.F.R. § 3.655(a) (2016). 

Prior to the examination(s), any outstanding records of pertinent medical treatment must be obtained and added to the record. 

Accordingly, the case is REMANDED for the following: 

1. Ask the Veteran to identify all medical providers who have treated him for weak spells, head and hand tremors, and Parkinson's disease since May 2016. After receiving this information and any necessary releases, obtain copies of the related medical records which are not already in the claims folder. Document any unsuccessful efforts to obtain the records, inform the Veteran of such, and advise him that he may obtain and submit those records himself. 

2. Notify the Veteran that he may submit lay statements from himself and from other individuals who have first-hand knowledge, and/or were contemporaneously informed of his in-service and post-service symptomatology regarding his claimed chronic disability to account for weak spell and chronic disability to account for head and hand tremors, to include Parkinson's disease. The Veteran should be provided an appropriate amount of time to submit this lay evidence. 

3. Thereafter, schedule the Veteran for an appropriate VA examination to determine the onset and etiology of his claimed chronic disability to account for weak spells, and chronic disability to account for head and hand tremors, to include Parkinson's disease. The entire claims file, to include all electronic files, must be reviewed by the examiner. The examiner must specifically indicate if the Veteran is diagnosed with Parkinson's disease. The examiner must also specifically indicate whether the Veteran has a diagnosed chronic disability to account for weak spells, and a chronic disability to account for head and hand tremors (if Parkinson's disease is not diagnosed). 

Based on a review of the claims file, examination of the Veteran, and generally accepted medical principles, the examiner must provide a medical opinion, with adequate rationale, as to whether it is at least as likely as not that any currently diagnosed chronic disability to account for weak spells, and chronic disability to account for head and hand tremors (if Parkinson's disease is not diagnosed), are related to and/or had their onset during his period of service, to include his presumed in-service Agent Orange exposure. 

The examiner must specifically acknowledge and discuss the Veteran's reports of a head injury during service, his treatment for dizziness during his period of service, as well as any reports of weak spells and tremors since service. 

The examiner must further opine as to whether the Veteran's service-connected posttraumatic stress disorder (PTSD); diabetes mellitus; peripheral neuropathy of the right upper extremity; peripheral neuropathy of the left upper extremity; peripheral neuropathy of the right lower extremity; and peripheral neuropathy of the left lower extremity, or any other service-connected disabilities, caused or aggravated any currently diagnosed chronic disability to account for weak spells, and chronic disability to account for head and hand tremors (if Parkinson's disease is not diagnosed). The term "aggravation" means a permanent increase in the claimed disability; that is, a worsening of the condition beyond the natural clinical course and character of the condition due to the service-connected disability as contrasted to a temporary worsening of symptoms. 

If aggravation of any diagnosed chronic disability to account for weak spells, and chronic disability to account for head and hand tremors (if Parkinson's disease is not diagnosed), by the Veteran's service-connected PTSD; diabetes mellitus; peripheral neuropathy of the right upper extremity; peripheral neuropathy of the left upper extremity; peripheral neuropathy of the right lower extremity; and peripheral neuropathy of the left lower extremity, or any other service-connected disabilities, is found, the examiner must attempt to establish a baseline level of severity of the diagnosed chronic disability to account for weak spells, and chronic disability to account for head and hand tremors (if Parkinson's disease is not diagnosed), prior to aggravation by the service-connected disabilities. 

The examination report must include a complete rationale for all opinions expressed. 

4. Then readjudicate the appeal. If the benefits sought remain denied, issue a supplemental statement of the case and return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).